## In re VISSERING.

(Court of Appeals of District of Columbia. Submitted November 9, 1926. Decided December 6, 1926.)

No. 1869.

Patents ⊕41—Application for patent for device for uncoupling cars held not to disclose invention.

Application for patent for device for uncoupling cars, consisting of a rotatable horizontal square shaft, with one end bent for use as handle and the other connected to a pair of coupling links, *held* not to disclose invention.

Appeal from the Commissioner of Patents.

In the matter of the application of Harry Vissering for patent. From a decision of Commissioner of Patents rejecting the application, applicant appeals. Affirmed.

Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, rejecting the claims of appellant's application for a patent for a device for uncoupling cars.

The alleged invention consists of a rotatable horizontal shaft, with one end bent for use as a handle and the other end connected to a pair of coupling links. One of the links is connected to the shaft and the other to the coupling pin, or coupler lock, as it is called. The combination is old in the art, and, if appellant has disclosed any novelty, it lies in the connection between the operating shaft and the coupler lock. It is contended by appellant that the relative movement of the links, between the lock and the end of the operating lever, is so arranged as to permit the longitudinal movement of the coupling links, with respect to each other, in such a manner as to prevent any relative rotation which would cause the operation of the links to be in any respect obstructed.

The principal patent cited in anticipation of appellant's device is one to Anderson, No. 1,189,773. The movement of the links in the Anderson device is controlled by a round shaft, while the movement in appellant's device is controlled by a square shaft. It is appellant's claim that his device overcomes defects in the Anderson device, due to rotary movement on the round shaft which could not occur on appellant's square shaft. But the square shaft of appellant is not new, since it is anticipated in other references disclosed in the record; consequently we think that the substitution of the square shaft for the round shaft in the Anderson device is a mere mechanical change, which does not amount to invention.

Appellant contends that the adjustment of the links is such that, when the device is operated, they knock together and jar the pin or lock loose, facilitating the operation, especially if the pin is frozen or rusted in position. But the same result is obtained, perhaps to a less degree, by the Anderson device.

While appellant's device may disclose a slight improvement over the prior art, we agree with the tribunals below that the improvement is so slight as to amount merely to an obvious mechanical change, and not to an invention. Inasmuch as the prior art is reviewed elaborately and carefully in the opinions of the tribunals below, we deem it unnecessary to make such a review or comparison here.

The decision of the Commissioner of Patents is affirmed.